**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOSHUA JONES, | |
| | |
| Plaintiff, | Civil Action No:_____ |
| | |
| v. | |
| | |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and PNC BANK, N.A. F/K/A BBVA COMPASS BANCSHARES, INC., | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| | |
| Defendants, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES**,** Plaintiff JOSHUA JONES ("Mr. Jones" or "Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EXPERIAN INFORMATION SOLUTIONS, INC ("Experian"), Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), Defendant TRANS UNION, LLC ("Transunion"), and Defendant PNC BANK, N.A. F/K/A BBVA COMPASS BANCSHARES, INC. ("PNC"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act (the "FCRA").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334,

and 15 U.S.C. § 1681(p).

3.      Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because a substantial part of the events or omissions giving rise to this claim occurred here.

4.      Joinder in this district is proper as to all Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law or fact common to all Defendants.

**PARTIES AND SERVICE**

**Plaintiff Joshua Jones**

5.      Plaintiff is a resident of Ellis County, Texas, which is located in this district.

6.      At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

**Defendant Experian Information Solutions, Inc.**

7.      Defendant Experian is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian may be served with process upon CT CORPORATION SYSTEM, its registered agent for service of process, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

8.      At all times material hereto, Experian is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

9.      At all times material hereto, Experian disbursed such consumer reports to third parties

under a contract for monetary compensation.

**Defendant Equifax Information Services, LLC**

10.     Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.     At all times material hereto, Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

12.     At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Defendant Trans Union, LLC**

13.     Defendant Transunion is a "Consumer Reporting Agency" as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion may be served with process upon THE PRENTICE-HALL CORPORATION SYSTEM, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

14.     At all times material hereto, Transunion is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d, to third parties.

15.     At all times material hereto, Transunion disbursed such consumer reports to third parties

under a contract for monetary compensation.

**Defendant PNC Bank, N.A. f/k/a BBVA Compass Bancshares, Inc.**

16.    Defendant PNC is a "Person" as defined by 15 U.S.C. § 1681a(b) and conducts substantial and regular business activities in this judicial district. PNC is a Pennsylvania company with locations in this district and may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

17.    At all times material hereto, Defendant PNC is a person who routinely furnishes information concerning consumers and their debts to Consumer Reporting Agencies for the purpose of publishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(d)

## FACTUAL ALLEGATIONS

18.    On April 7, 2017, Plaintiff opened an automobile installment loan with Defendant PNC.

19.    Sometime in 2017, Defendant PNC furnished the automobile installment loan as an account (the "Account") on Plaintiff's consumer reports.

20.    Sometime in 2017, Defendants Experian, Equifax, and Transunion published the Account to Plaintiff's consumer reports.

21.    Plaintiff made timely payments on the Account each month.

22.    Sometimes, Plaintiff paid double his monthly installment payment on the Account.

23.    In May 2023, Plaintiff accessed his consumer reports and discovered that Defendant PNC erroneously reported his payment history on the Account as "30 days late" for 19 different months from 2020 to 2022.

24.    The payment history furnished by Defendant PNC and published by Defendants Experian, Equifax, and Transunion was false and erroneous because Plaintiff was timely in his

monthly payment on the Account.

**Defendant PNC's violation of § 1681s-2(b)**

25.    In May 2023, Plaintiff obtained a copy of his credit reports and discovered that Defendant PNC had falsely or erroneously reported the Account's payment history as "30 days late" for 19 months from 2020 to 2022.

**First Dispute**

26.    On June 7, 2023, Plaintiff submitted a dispute with the Consumer Reporting Agencies concerning the Account's erroneous repeated "30 days late" payment statuses which included a dispute letter detailing the error, proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

27.    The Consumer Reporting Agencies forwarded the dispute and an Automated Consumer Dispute Verification form ("ACDV") to Defendant PNC.

28.    Despite Defendant PNC receiving the dispute, ACDVs, and accompanying documents, Defendant PNC conducted a superficial investigation and reported back to the Consumer Reporting Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

29.    Defendant PNC did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

30.    Defendant PNC negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

**Second Dispute**

31.    On July 13, 2023, Plaintiff submitted a dispute with the Consumer Reporting Agencies

concerning the Account's erroneous repeated "30 days late" payment statuses which included a dispute letter detailing the error, proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

32.    The Consumer Reporting Agencies forwarded the dispute and an ACDV to Defendant PNC.

33.    Despite Defendant PNC receiving the dispute, ACDVs, and accompanying documents, Defendant PNC conducted a superficial investigation and reported back to the Consumer Reporting Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

34.    Defendant PNC did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

35.    Defendant PNC negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

**Third Dispute**

36.    On July 13, 2023, Plaintiff submitted a dispute with the Consumer Reporting Agencies concerning the Account's erroneous repeated "30 days late" payment statuses which included a dispute letter detailing the error, proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

37.    The Consumer Reporting Agencies forwarded the dispute and an ACDV to Defendant PNC.

38.    Despite Defendant PNC receiving the dispute, ACDVs, and accompanying documents, Defendant PNC conducted a superficial investigation and reported back to the Consumer

Reporting Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

39.    Defendant PNC did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

40.    Defendant PNC negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

**Fourth Dispute**

41.    On November 27, 2023, Plaintiff submitted a dispute with the Consumer Reporting Agencies concerning the Account's erroneous repeated "30 days late" payment statuses which included a dispute letter detailing the error, proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

42.    The Consumer Reporting Agencies forwarded the dispute and an ACDV to Defendant PNC.

43.    Despite Defendant PNC receiving the dispute, ACDVs, and accompanying documents, Defendant PNC conducted a superficial investigation and reported back to the Consumer Reporting Agencies that the information was "accurate" and should remain unchanged on Plaintiff's consumer reports.

44.    Defendant PNC did not evaluate or review the documents which were included with Plaintiff's disputes and ACDVs.

45.    Defendant PNC negligently or willfully failed to conduct a reasonable investigation of Plaintiff's disputes when it conducted a superficial investigation and did not review or evaluate the documents attached with the Plaintiff's disputes.

46.     Defendant PNC did not correct the erroneous payment history relating to the Account but continued to report false and erroneous information to the Consume Reporting Agencies.

47.     As a result of the inaccurate information remaining on the Plaintiff's consumer reports relating to the Account, the Plaintiff was denied credit opportunities, and will continue to be harmed and injured by Defendant PNC's erroneous and inaccurate reporting for up to 7 years.

48.     Due to Defendant PNC's negligent or willful failure to conduct a reasonable investigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

49.     For these reasons, Defendant PNC willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681s2-b.

**Defendant Experian's violation of § 1681i(a)**

50.     Defendant Experian published the Account with an erroneous "30 days late" payment status for 19 different months on Plaintiff's Experian consumer report.

51.     The consumer report falsely indicated that the Account was paid 30 days late for 19 different months from May 2020 to March 2022.

**First Experian Dispute**

52.     On June 7, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Experian via United States Postal Service ("USPS") Certified Mail, detailing the inaccuracies and attaching supporting documents which included proof of payment, driver's license copy, evidence of his social security number, and proof of address.

53.     However, Defendant Experian did not acknowledge receipt of Plaintiff's dispute, nor did Experian send a cursory response following their investigation into the dispute.

54.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

**Second Experian Dispute**

55.    On July 13, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Experian via USPS Certified Mail, detailing the inaccuracies and attaching supporting documents which included proof of payment, driver's license copy, evidence of his social security number, and proof of address.

56.    However, Defendant Experian did not acknowledge receipt of Plaintiff's dispute, nor did Experian send a cursory response following their investigation into the dispute.

57.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

**Third Experian Dispute**

58.    On August 23, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Experian via USPS Certified Mail, detailing the inaccuracies and attaching supporting documents which included proof of payment, driver's license copy, evidence of his social security number, and proof of address.

59.    However, Defendant Experian did not acknowledge receipt of Plaintiff's dispute, nor did Experian send a cursory response following their investigation into the dispute.

60.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

61.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

**Fourth Experian Dispute**

62.    On November 27, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Experian, detailing the inaccuracies and attaching supporting documents which included proof of payment, driver's license copy, evidence of his social security number, and proof of address.

63.    Defendant Experian acknowledged the receipt of Plaintiff's dispute but did not contact Defendant PNC or review the supplied documentation provided by Plaintiff.

64.    Instead, Defendant Experian relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

65.    It is averred that Defendant Experian did nothing more than parrot Defendant PNC.

66.    On December 12, 2023, Defendant Experian sent Plaintiff a cursory response stating that the disputed Account's payment history was verified as accurate and would continue to report a multitude of "30 days late" payment statuses.

67.    Defendant Experian did not provide a summary of the investigation or any substantiating documentation.

68.    To this date, Defendant Experian continues to publish false and erroneous information relating to the payment history of the Account on Plaintiff's Experian consumer reports.

69.    Defendant Experian failed to promptly delete or correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

70.    Due to Defendant Experian's negligent or willful failure to conduct a reasonable reinvestigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish

and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

71.    Defendant Experian willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Experian violation of § 1681e(b)**

72.    Defendant Experian failed to promptly correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

73.    Defendant Experian did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Experian published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

74.    Defendant Experian did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Account.

75.    The false and erroneous reporting by Defendant Experian will continue to cause harm and injury to Plaintiff for up to 7 years.

76.    Due to Defendant Experian's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

77.    Defendant Experian willfully or negligently failed to comply with its obligations under

15 U.S.C. § 1681e(b).

**Defendant Equifax's violation of § 1681i(a)**

78.     Defendant Equifax published the Account with an erroneous "30 days late" payment status for 19 different months to Plaintiff's Equifax consumer report.

79.     The consumer report falsely indicated that the Account was paid 30 days late for 19 different months from May 2020 to March 2022.

**First Equifax Dispute**

80.     On June 7, 2023, Plaintiff disputed the Account's false and erroneous payment statuses with Defendant Equifax via USPS Certified Mail, detailing the inaccuracies of the late payments and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

81.     Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact PNC or review the supplied documentation provided by Plaintiff.

82.     Instead, Defendant Equifax relied solely on an automated system which determined that the Account was not present on Plaintiff's consumer report, despite it having been published since April 2017.

83.     On June 14, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the Account was not reporting on Plaintiff's credit report.

84.     Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

**Second Equifax Dispute**

85.     On July 13, 2023, Plaintiff disputed the Account's false and erroneous payment statuses with Defendant Equifax via USPS Certified Mail, detailing the inaccuracies of the late payments

and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

86.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact PNC or review the supplied documentation provided by Plaintiff.

87.    Instead, Defendant Equifax relied solely on an automated system which determined that the Account was not present on Plaintiff's consumer report, despite it having been published since April 2017.

88.    On July 22, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the Account was not reporting on Plaintiff's credit report.

89.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

**Third Equifax Dispute**

90.    On August 23, 2023, Plaintiff disputed the Account's false and erroneous payment statuses with Defendant Equifax via USPS Certified Mail, detailing the inaccuracies of the late payments and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

91.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact PNC or review the supplied documentation provided by Plaintiff.

92.    Instead, Defendant Equifax relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

93.    Defendant Equifax did nothing more than parrot information from PNC.

94.    On September 13, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the disputed payment history of the Account was reporting as accurate and would remain on his

credit report.

95.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

96.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

**Fourth Equifax Dispute**

97.    In November 2023, Plaintiff disputed the Account's false and erroneous payment statuses with Defendant Equifax, detailing the inaccuracies of the late payments and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

98.    Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact Defendant PNC or review the supplied documentation provided by Plaintiff.

99.    Instead, Defendant Equifax relied solely on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

100.    It is averred that Defendant Equifax did nothing more than parrot information from PNC.

101.    On December 12, 2023, Defendant Equifax sent Plaintiff a cursory response stating that the disputed payment history of the Account was reporting as accurate and would remain on his credit report.

102.    Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

103.    To this date, Defendant Equifax continues to publish false and erroneous information relating to the Account's payment history.

104.    Defendant Equifax failed to promptly delete or correct the inaccurate information relating

to the Account, and the false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

105.    Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

106.    Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax violation of § 1681e(b)**

107.    Defendant Equifax failed to promptly correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

108.    Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining to the Account.

109.    Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Account.

110.    The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

111.    Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to his

creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

112.    Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**Defendant Transunion's violation of § 1681i(a)**

113.    Defendant Transunion published the Account with an erroneous "30 days late" payment status for 19 different months to Plaintiff's Transunion consumer report.

114.    The credit report falsely indicated that the Account was paid 30 days late for 19 different months from May 2020 to March 2022.

**First Transunion Dispute**

115.    On June 7, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Transunion via USPS Certified Mail, detailing the inaccuracies of the late payments and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

116.    Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact PNC or review the supplied documentation provided by Plaintiff.

117.    Instead, Defendant Transunion relied solely on an automated system which determined that the Account was not present on Plaintiff's consumer report, despite it having been published since April 2017.

118.    On June 16, 2023, Defendant Transunion sent Plaintiff a cursory response stating that the Account was not reporting on Plaintiff's credit report.

119.    Defendant Transunion did not provide a summary of the investigation or any

substantiating documentation.

**Second Transunion Dispute**

120.    On July 13, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Transunion via USPS Certified Mail, detailing the inaccuracies of the late payments and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

121.    Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact PNC or review the supplied documentation provided by Plaintiff.

122.    Instead, Defendant Transunion relied solely on an automated system which determined that the Account was not present on Plaintiff's consumer report, despite it having been published since April 2017.

123.    On July 19, 2023, Defendant Transunion sent Plaintiff a cursory response stating that the Account was not reporting on Plaintiff's credit report.

124.    Defendant Transunion did not provide a summary of the investigation or any substantiating documentation.

**Third Transunion Dispute**

125.    On August 23, 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Transunion via USPS Certified Mail, detailing the inaccuracies and attaching supporting documents which included proof of payment, driver's license copy, evidence of his social security number, and proof of address.

126.    However, Defendant Transunion did not acknowledge receipt of Plaintiff's dispute, nor did Transunion send a cursory response following their investigation into the dispute.

127.    Defendant Transunion did not provide a summary of the investigation or any

substantiating documentation.

128.    Plaintiff was subsequently denied credit opportunities by creditors citing poor credit as reason for the denial.

**Fourth Transunion Dispute**

129.    In November 2023, Plaintiff disputed the Account's false and erroneous "30 days late" payment statuses with Defendant Transunion, detailing the inaccuracies and attaching supporting documents which included proof of payment, a driver's license copy, evidence of his social security number, and proof of address.

130.    Defendant Transunion acknowledged the receipt of Plaintiff's dispute but did not contact Defendant PNC or review the supplied documentation provided by Plaintiff.

131.    Instead, Defendant Transunion relied on an automated system that verified the existence of the Account without checking the validity of Plaintiff's dispute.

132.    It is averred that Defendant Transunion did nothing more than parrot information from Defendant PNC.

133.    On December 13, 2023, Defendant Transunion sent Plaintiff a cursory response stating that the disputed "30 days late" payment statuses on the Account were verified as accurate and would remain on Plaintiff's Transunion consumer report.

134.    To this date, Defendant Transunion continues to publish false and erroneous information relating to the payment history of the Account on Plaintiff's Transunion consumer reports.

135.    Defendant Transunion failed to promptly delete or correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

136.    Due to Defendant Transunion's negligent or willful failure to conduct a reasonable

reinvestigation the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

137.    Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Transunion violation of § 1681e(b)**

138.    Defendant Transunion failed to promptly correct the inaccurate information relating to the Account, and the false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

139.    Defendant Transunion did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Transunion published a consumer report relating to the Plaintiff which contained erroneous information pertaining the Account.

140.    Defendant Transunion did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving dispute(s) from the Plaintiff relating to his consumer report and Account.

141.    The false and erroneous reporting by Defendant Transunion will continue to cause harm and injury to Plaintiff for up to 7 years.

142.    Due to Defendant Transunion's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss

of appetite, and added stress to his daily routine.

143.    Defendant Transunion willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**FIRST CAUSE OF ACTION**
**Negligent Violation of the Fair Credit Reporting Act as to Defendant PNC**
**15 U.S.C. § 1681s-2(b)**

144.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

145.    This is an action for negligent violation of the FCRA 15 U.S.C. § *et seq*.

146.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

147.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

148.    The results of the investigation by the person must be reported to consumer reporting agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

149.    Defendant PNC negligently violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

150.    Specifically, Defendant PNC continued to report Plaintiff's history for 19 different months as "30 days late" despite Plaintiff making all of his payments in a timely manner.

151.    As a result of the conduct, action, and inaction of Defendant PNC, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

152.    The conduct, action, and inaction of Defendant PNC was negligent, rendering PNC liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(o).

153.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant PNC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

<u>**SECOND CAUSE OF ACTION**</u>
**Willful Violation of the Fair Credit Reporting Act as to Defendant PNC**
**15 U.S.C. § 1681s-2(b)**

154.    Plaintiff incorporates by reference all of the above paragraphs of this Compliant as though fully stated herein with the same force and effect as if the same were set forth at length herein.

155.    This is an action for willful violation of the FCRA 15 U.S.C. § *et seq.*

156.    Pursuant to the FCRA, all persons who furnished information to consumer reporting agencies must participate in reinvestigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer report.

157.    Pursuant to the FCRA, a furnisher of disputed information is notified by the consumer reporting agency when the agency receives notice of a dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

158.    The results of the investigation by the person must be reported to consumer reporting

agencies, and, if the investigation reveals that the original information is incomplete, or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

159.    Defendant PNC willfully violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's disputes reported to Defendant Equifax; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

160.    Specifically, Defendant PNC continued to report Plaintiff's history for 19 different months as "30 days late" despite Plaintiff making all of his payments in a timely manner.

161.    As a result of the conduct, action, and inaction of Defendant PNC, Plaintiff suffered damages via loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

162.    The conduct, action, and inaction of Defendant PNC was willful, rendering PNC liable for actual, statutory, and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

163.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant PNC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Experian**

164.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

165.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

166.    Experian negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

167.    Experian has negligently failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

     a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

     b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

     c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

     d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

     e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

     f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

     g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

     h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

168.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

169.     The conduct, action and inaction of Experian was negligent, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

170.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

171.     **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

**FOURTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681i(a) as to Defendant Experian**

172.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

173.     This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

174.     Experian willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

175.     Experian has willfully failed to comply with the FCRA. The failure of Experian to comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.  The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.  The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

176.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

177.     The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

178.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

179.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**FIFTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Experian**

180.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

181.    This is an action for negligent violation of the FCRA, 15 U.S.C. § 1681 *et. seq.*

182.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

183.    Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include but are not necessarily limited to the following:

> a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;
>
> b.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;
>
> c.    The failure to take adequate steps to verify information that Defendant had reason to believe was inaccurate before including it in the credit report of the Plaintiff.

184.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

185.    The conduct, action and inaction of Defendant Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

186.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15. U.S.C. 15 § 1681(o).

**SIXTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Experian**

187.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

188.    This is an action for willful violation of the FCRA, 15 U.S.C. § 1681 *et. seq.*

189.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Experian maintained concerning Plaintiff.

190.    Defendant Experian has willfully failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include but are not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   c.    The failure to take adequate steps to verify information that Defendant had reason to believe was inaccurate before including it in the credit report of

the Plaintiff.

191.    As a result of the conduct, action and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

192.    The conduct, action and inaction of Defendant Experian was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

193.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15. U.S.C. 15 § 1681(n).

<u>**SEVENTH CAUSE OF ACTION**</u>
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681i(a) as to Defendant Equifax**

194.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

195.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

196.    Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

197.    Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

198.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

199.   The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

200.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

201.   **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against

Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## EIGHTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681i(a) as to Defendant Equifax

202.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

203.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

204.    Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

205.    Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.  The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

206.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

207.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

208.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount be determined by the Court pursuant to 15 U.S.C. § 1681(n).

209.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**<u>NINTH CAUSE OF ACTION</u>**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Equifax**

210.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

211.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

212.     Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

213.     Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to  comply with the FCRA includes but is not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.   The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the

consumer.

214.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

215.    The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

216.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**TENTH CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Equifax**

217.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

218.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

219.    Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

220.    Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to  comply with the FCRA includes but is not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory

credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.   The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

221.    As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

222.    The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

223.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## ELEVENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681i(a) as to Defendant Transunion

224.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein with the same force and effect as if the same were set forth at length herein.

225.    This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

226.    Transunion negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

227.    Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.  The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

   e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

   g.  The failure to promptly delete information that was found to be inaccurate,

or could not be verified, or that the source of information had advised

Transunion to delete;

h.  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

228.    As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

229.    The conduct, action and inaction of Transunion was negligent, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

230.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

231.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## TWELFTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681i(a) as to Defendant Transunion

232.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

233.    This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

234.    Transunion willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving

actual notice of such inaccuracies and conducting reinvestigations.

235.    Transunion has willfully failed to comply with the FCRA. The failure of Transunion to comply with the FCRA include but are not necessarily limited to the following:

    a.   The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.   The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.   The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.   The failure to promptly and adequately investigate information which Transunion had notice was inaccurate;

    e.   The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.   The failure to note in the credit report that the Plaintiff disputed the accuracy of the  information;

    g.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h.   The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

236.     As a result of the conduct, action and inaction of Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

237.    The conduct, action and inaction of Transunion was willful, rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

238.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

239.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Transunion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRTEENTH CAUSE OF ACTION
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 USC § 1681e(b) as to Defendant Transunion**

240.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

241.    This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

242.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Transunion maintained concerning Plaintiff.

243.    Defendant Transunion has negligently failed to comply with the FCRA. The failure of Transunion to comply with the FCRA includes but is not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   c.  The failure to take adequate steps to verify information Transunion had

reason to believe was inaccurate before including it in the credit report of the consumer.

244.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

245.    The conduct, action and inaction of Defendant Transunion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

246.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## FOURTEENTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 USC § 1681e(b) as to Defendant Transunion

247.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

248.    This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

249.    Defendant Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or follow  reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit  files that Defendant Transunion maintained concerning Plaintiff.

250.    Defendant Transunion has willfully failed to comply with the FCRA. The failure of Transunion to  comply with the FCRA include but are not necessarily limited to the following:

   a.  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The  failure  to  note  in  the  credit  report  that  Plaintiff  disputed  the

accuracy of the information;

    c.  The failure to take adequate steps to verify information Transunion had

reason to believe was inaccurate before including it in the credit report of

the consumer.

251.    As a result of the conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

252.    The conduct, action and inaction of Defendant Transunion was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

253.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

254.    Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff seeks judgement against each Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from each Defendant as to Defendant Experian, Defendant Equifax, Defendant Transunion, and Defendant PNC;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from each Defendant as to Defendant Experian, Defendant Equifax, Defendant Transunion, and Defendant PNC;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from each Defendant as to Defendant Experian, Defendant Equifax, Defendant Transunion, and Defendant PNC;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.


**Dated:** January 8, 2024                           Respectfully submitted


                                    JAFFER & ASSOCIATES PLLC

                                    /s/ *Shawn Jaffer*
                                    **Shawn Jaffer**
                                    State Bar No. 24107817
                                    5757 Alpha Rd., Ste 580
                                    Dallas, Texas 75240
                                    Tel:    (214) 945-0000
                                    Fax:    (469) 669-0786
                                    Email: ndtx@jaffer.law
                                    ***Attorneys for Plaintiff***